IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| BONNIE ROBINSON, Independent Administrator of the Estate of MICHAEL J. ROBINSON, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 06-3058 |
| DANIEL MORAN, et al., | ) ) | |
| Defendants. | ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter is before the Court on Defendant Roger E. Walker Jr.'s Objection to Court's Order of July 2, 2007 (d/e 122). Walker is the Director of the Illinois Department of Corrections. Plaintiff brings the instant suit pursuant to 42 U.S.C. § 1983 and has named Walker as a Defendant in both his individual and official capacities. On May 31, 2007, Plaintiff filed a Notice of Deposition (d/e 109) relating to Defendant Walker. On June 15, 2007, Walker filed an Objection to Deposition and Motion for a Protective Order (d/e 115). Plaintiff moved to strike Walker's request for a protective order. Plaintiff's Motion to Strike Defendants

1

<u>Walker and Funk's Motion for Protective Order with Incorporated Memorandum of Law (d/e 119) (Motion to Strike)</u>.  In a Text Order, dated July 2, 2007, Magistrate Judge Byron G. Cudmore denied Defendant's Walker's request for a protective order.  Judge Cudmore then denied Plaintiff's Motion to Strike as moot.  Walker asks this Court to reverse Judge Cudmore's decision and grant his request for a protective order.  For the reasons set forth below, Walker's Objection is overruled, and Judge Cudmore's Text Order, dated July 2, 2007, is affirmed.

> Under Federal Rule of Civil Procedure 72(a):
>
> A magistrate judge to whom a pretrial matter not dispositive of a claim or defense of a party is referred to hear and determine shall promptly conduct such proceedings as are required and when appropriate enter into the record a written order setting forth the disposition of the matter.  Within 10 days after being served with a copy of the magistrate judge's order, a party may serve and file objections to the order; a party may not thereafter assign as error a defect in the magistrate judge's order to which objection was not timely made.  The district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law.

Under this Court's Local Rule 72.1, a magistrate judge is authorized to "hear and determine any non-dispositive pretrial motion pursuant to 28 U.S.C. § 636(b)(1)(A)."  As 28 U.S.C. § 636(b)(1)(A) makes clear, this

Court may reconsider a magistrate judge's ruling on a non-dispositive pretrial matter "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

In support of his request for a protective order, Defendant Walker asserted that the deposition of heads of government agencies is limited and that, given Plaintiff's January 26, 2007, answers to contention interrogatories, the only indication of potential liability of Defendant Walker is in his official capacity as a policy and practice suit.[1]  Judge Cudmore, invoking the Court's broad discretionary powers relating to discovery and noting that Walker was a party to the instant case, denied Walker's request for a protective order and directed Walker to stand for deposition by August 1, 2007.  Walker filed a timely Objection to this ruling.

As previously noted, Walker bears the burden of showing that Judge Cudmore's ruling was clearly erroneous or contrary to law.  Walker raises

---

[1]Walker specifically asserted that "[i]n response to contention interrogatories designed to determine the basis for the suit against each of the defendants in this case, Plaintiff merely directed Defendants to all of the documents provided by both sides in discovery."  <u>Memorandum of Law in Support of Defendants Walker and Funk's Objections to Deposition and Motion for Protective Order (d/e 114)</u>, p. 1.  According to Walker, this was insufficient.  Walker, however, did not file a motion to challenge Plaintiff's response on this, or any other basis.

two arguments in his Objection. Neither is persuasive. According to Walker, the record lacks any evidence that Walker had any knowledge of or involvement in the death of Michael Robinson. Walker, however, is a party to the instant lawsuit in his individual capacity as well as his official capacity. Walker answered Plaintiff's Complaint (d/e 1) and did not file a motion to dismiss any of the claims against him. Judge Cudmore's refusal to issue a protective order on this basis is not clearly erroneous or contrary to law.

Walker further asserts that he is named in a large number of inmate lawsuits each year, and if he were forced to sit for a deposition in each of these cases, he would be unable to adequately perform his duties. Walker, however, fails to identify any case law that would support an exemption from deposition on these grounds. Walker, therefore, fails to show that Judge Cudmore's denial of his request for a protective order on this basis was clearly erroneous or contrary to law. Walker's Objection is overruled.

THEREFORE, Defendant Roger E. Walker Jr.'s Objection to Court's Order of July 2, 2007 (d/e 122) is OVERRULED. Defendant Walker is directed to sit for deposition on or before August 29, 2007. The Court sua sponte extends the dispositive motion deadline to September 12, 2007. All

4

other deadlines remain as previously set.

IT IS THEREFORE SO ORDERED.

ENTER:   August 8, 2007.

    FOR THE COURT:

                                              s/ Jeanne E. Scott
                                              JEANNE E. SCOTT
                                   UNITED STATES DISTRICT JUDGE